### FISHMAN v. WOLF et al.

(Supreme Court, Appellate Term. November 14, 1906.)

1. LANDLORD AND TENANT—EXISTENCE OF RELATION—SUFFICIENCY OF EVIDENCE.

Evidence in a summary proceeding against a tenant *held* to show that the landlord leased the premises for a year from May 15, 1906.

2. FRAUDS, STATUTE OF — REAL PROPERTY — LEASES — POSTPONEMENT OF PERFORMANCE.

A parol lease for one year is valid, even if it is to take effect at a future date.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Frauds, Statute of, §§ 66, 69.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Barnet Fishman against John Wolf and another. From a judgment for the plaintiff, defendants appeal. Reversed, and new trial granted.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Samuel Manheimer, for appellants.
Paul Hellinger, for respondent.

GILDERSLEEVE, J. The landlord herein began summary proceedings on May 15, 1906, against the defendants, alleging that they

were holdovers after the expiration of their lease. The defendants denied the allegations of the petition, and the issue came on for trial before the court and a jury. The plaintiff proved his ownership, having succeeded to the title of a former owner, who had leased the premises to the defendants for one year; the lease expiring on May 15, 1906. One of the defendants then testified that the plaintiff, the new owner, began collecting his rent on February 15, 1906; that about April 15, 1906, the plaintiff, while making some alterations in portions of the building not occupied by the defendants, began also to fix a portion of the store leased by the defendants; that they refused to permit him to do any work in or about the store until they knew "on what basis I am," whereupon he promised that, if they would permit him to go on with his proposed changes, they could have another lease for one year from May 15, 1906, the date of the expiration of their present lease. Subsequently the plaintiff refused to sign an agreement for another year unless the rent was increased to $45, but finally said defendants could have it for another year, and when he was done with the repairing the plaintiff asked for one month's security which was given him. In what form this security was given does not appear. The other tenant (Wolf) was offered as a witness, but the plaintiff conceded that he would testify to the same facts as his co-tenant had testified to. The testimony of the defendants was not contradicted; no attempt being made to confute their statements. At the close of their testimony the trial court directed a verdict for the landlord, which was excepted to.

The testimony as above set forth on the part of the defendants was sufficient, if believed, to authorize a finding by the jury that the plaintiff had leased the premises for a year from May 15, 1906. A parol lease for one year is valid, even if it is to take effect at a future date. Ward v. Hasbrouck, 169 N. Y. 407, 62 N. E. 434. A direction of a verdict in favor of the plaintiff, therefore, was error, and a new trial must be had.

Final order reversed, and new trial granted, with costs to the appellants to abide the event. All concur.